**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SCHOOL NURSE SUPPLY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: _____ |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| POCKET NURSE ENTERPRISES, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**COMPLAINT**

Plaintiff School Nurse Supply, Inc. ("Plaintiff") by its undersigned attorneys, states as follows as and for this Complaint against Defendant Pocket Nurse Enterprises, Inc. ("Defendant").

**Introduction**

(1)     This is a complaint for injunctive relief and damages alleging trademark infringement, false designation of origin and unfair competition under Sections 32(1) and 43(a) of the Federal Trademark Act, 15 U.S.C. §§ 1114(1) and 1125(a); violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §510 *et seq*., and common law unfair competition.   Plaintiff alleges that Defendant is infringing Plaintiff's registered trademark covering: On-line retail store services featuring a wide variety of medical, first-aid, pharmaceutical and related goods of others; Electronic catalog services featuring a wide variety of medical, first-aid, pharmaceutical and related goods of others; Web-based catalog services featuring a wide variety of medical, first-aid, pharmaceutical and related goods of others; Mail order catalog services featuring a wide variety of medical, first-aid,

pharmaceutical and related goods of others, U.S. Trademark Registration 5180944 (Exhibit 1 hereto).

## Parties

(2)     Plaintiff is a Delaware corporation principally located at 1745 Wallace Ave. St. Charles, Illinois 60174.

(3)     On information and belief, Defendant is a Pennsylvania corporation principally located at 610 Frankfort Road, Monaca, Pennsylvania 15061-2188.

## Jurisdiction

(4)     This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§1331 and 1338, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §§ 1338, 1367.

(5)     This Court has general personal jurisdiction as Defendant is doing business in Illinois, and specific personal jurisdiction as Defendant is engaged in conduct giving rise to Plaintiff's claims in this case within the meaning of the Illinois long-arm statute, 735 ILCS § 5/2-209, namely, the infringement of Plaintiff's federally registered trademark and by purposely targeting Illinois residents through its interactive website.

(6)     Venue is proper in this Court pursuant to 28 U.S.C. §§1391(b)(2) and 139l(e), as Defendant is registered to do business in the state of Illinois, and, on information and belief, has transacted business and committed acts of infringement in this District.

## About Plaintiff

(7)     Plaintiff supplies a wide variety of medical, first-aid, pharmaceutical and related goods to educational institutions throughout the United States and internationally.

(8)     Founded in 1996, Plaintiff advertises and sells its products through its online retail storefront and through print and electronic catalogs under the mark SCHOOL NURSE SUPPLY. An example of Plaintiff's use of the mark featured on its website is provided below:



(9)     Since 1997, Plaintiff has made continuous, extensive and exclusive use of the trademark as a designation of origin that identifies Plaintiff as the source of online retail store and catalog services for medical, first-aid, pharmaceutical and related goods.

(10)     As a result of continuous, extensive and exclusive use since 1997, Plaintiff's use of the trademark SCHOOL NURSE SUPPLY is recognized by consumers as a designation of origin that identifies Plaintiff as the source of online retail store and catalog services for medical, first-aid, pharmaceutical and related goods.

(11)     Plaintiff owns all right, title and interest to United States Trademark Registration 5180944, registered April 11, 2017 (copy appended hereto as Exhibit 1).  This registration protects Plaintiff's exclusive right to use the mark SCHOOL NURSE SUPPLY for:

> On-line retail store services featuring a wide variety of medical, first-aid, pharmaceutical and related goods of others; Electronic catalog services featuring a wide variety of medical, first-aid, pharmaceutical and related goods of others; Web-based catalog services featuring a wide variety of medical, first-aid, pharmaceutical and related goods of others; Mail order catalog services featuring a wide variety of medical, first-aid, pharmaceutical and related goods of others.

(12)     Plaintiff's registration is "incontestable" under Section 15 of the Lanham Act, 15 U.S.C. § 1065, and thereby constitutes conclusive evidence of (i) the registration of the mark; (ii) the validity of the registered mark; (iii) Plaintiff's ownership of the marks; and (iv) Plaintiff's

3

exclusive right to use the marks in commerce for the identified goods and services, as provided by Section 33(b) of the Lanham Act, 15 U.S.C. § 1115(b).

(13)   Plaintiff has invested substantially in the development of consumer recognition and goodwill in its SCHOOL NURSE SUPPLY trademark.  The trademark has been heavily advertised by Plaintiff for more than 26 years and promoted in such manners and forms of media as are ordinary and customary in the trade.

### Events Leading to this Dispute

(14)   On or around December 22, 2020, Defendant began marketing services on its website using the mark SCHOOL NURSE to educational institutions which directly compete with and are identical to Plaintiff's services, as shown below.



(15)   Defendant also markets directly competing and identical services using the mark SCHOOL NURSE on its electronic catalog as shown below.



(16)    Due to the resemblance between Plaintiff's trademark SCHOOL NURSE SUPPLY and Defendant's trademark SCHOOL NURSE, the identical class of consumers targeted, the identical channels of trade, and Plaintiff's substantial, continuous and exclusive use of its trademark SCHOOL NURSE SUPPLY since 1997 for the exact same services, resulting in consumer recognition of trademark SCHOOL NURSE SUPPLY as a designation of source for Plaintiff's services, Plaintiff believes that Defendant's use of the trademark SCHOOL NURSE is likely to confuse and deceive the public, and has confused and deceived the public, leading

5

consumers to believe, falsely, that Defendant's services are those of Plaintiff, or are sponsored, endorsed or approved by Plaintiff, or that there is an affiliation or relationship between the parties.

(17)     Defendant's use of the trademark SCHOOL NURSE to market identical services to an identical class of consumers is especially likely to cause confusion, mistake and deception, because both parties market their products using the same channels of trade, namely, online retail and electronic catalogs.

(18)     Defendant's use of the trademark SCHOOL NURSE has already resulted in several instances of actual consumer confusion. Specifically, after Defendant's adoption of its infringing SCHOOL NURSE trademark, consumers around the country repeatedly contacted Plaintiff, under the mistaken belief that Plaintiff was Defendant, in order to place orders and inquire about Defendant's failure or delay in fulfilling purchase orders. For example, on October 21, 2022, a representative for an educational institution located in Kentucky contacted Plaintiff for the purpose of purchasing medical products. On June 13, 2022, a representative for an educational institution in New York contacted Plaintiff to inquire whether Plaintiff would honor a bid award that was granted to Defendant. On March 23, 2023, a representative for an educational institution in Texas contacted Plaintiff by e-mail to provide a purchase order that was intended for Defendant. On April 6, 2023, a representative for an educational institution in Texas contacted Plaintiff to purchase medical products using item numbers from a price quote generated by Defendant. On May 11, 2023, an educational institution located in Kentucky contacted Plaintiff by e-mail (attached as "Exhibit 2") inquiring why a purchase order titled, "po school nurse", which had been submitted to Defendant, had not been fulfilled by Plaintiff.  And, on June 7, 2023, an educational institution in Florida mistakenly contacted Plaintiff in an attempt to medical purchase products from Defendant.

## COUNT I
## Trademark Infringement
## [Lanham Act Section 32(1), 15 U.S.C. § 1114(1)]

(19)    Plaintiff incorporates the previous paragraphs of this Complaint by reference.

(20)    Plaintiff owns a valid and existing United States trademark registration, U.S. Registration 5180944, registered April 11, 2017 (copy appended hereto as Exhibit 1), giving Plaintiff the exclusive right to use the trademark SCHOOL NURSE SUPPLY throughout the United States for online retail store and catalog services for medical, first-aid, pharmaceutical and related goods.

(21)    Plaintiff's trademark registration is incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065.

(22)    Due to Plaintiff's continuous, extensive and exclusive use of its mark in commerce since 1997, and Plaintiff's advertising and promotion of its mark for 26 years, the mark has acquired distinctiveness and secondary meaning, and the public has come to recognize Plaintiff's mark as a designation of origin that identifies Plaintiff as the source of online retail store and catalog services for medical, first-aid, pharmaceutical and related goods.

(23)    Defendant is using Plaintiff's trademark, or a confusingly similar trademark, without Plaintiff's authorization, consent or approval, on services directly competitive with those covered by Plaintiff's United States Trademark Registration No. 5180944.

(24)    Defendant, by its actions aforesaid, has used, and is using, a trademark in commerce that so resembles Plaintiff's federal trademark registration as to have caused confusion and to be likely to continue to cause confusion, mistake and deception, leading the public to believe, falsely, that Defendant's services are those of Plaintiff, or are sponsored, endorsed or approved by Plaintiff,

7

or that there is an affiliation or relationship between the parties, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

(25)     Confusion, mistake and deception have resulted and are likely to continue to result because Defendant is using Plaintiff's trademark for the exact services that are protected by Defendant's United States trademark registration. The relevant consumers are harmed by such confusion, mistake and deception.

(26)     On information and belief, the parties' services are marketed and provided to the same class of customers, in the same or comparable channels of trade, at comparable prices, and advertised in the same media.

(27)     Defendant's infringement of Plaintiff's trademark is intentional, willful, and knowing.

(28)     Plaintiff is suffering and will continue to suffer irreparable damage as a result of Defendant's unlawful conduct and has no adequate remedy at law, and the consuming public will likewise suffer from such conduct.  Plaintiff cannot control the quality of the services provided by Defendant under a confusingly similar trademark, placing Plaintiff's business at risk along with the good will in their trademark resulting from 26 years of continuous, extensive and exclusive use.

WHEREFORE, Plaintiff demands judgment against Defendant as set forth in the Prayer for Relief below, including preliminary and permanent injunctive relief, treble damages and attorney fees pursuant to Section 17(a) of the Lanham Act, 15 U.S.C. §35(a).

**Count II**
**False Designation of Origin, False Representation and Unfair Competition**
**[Lanham Act § 43(a), 15 U.S.C. § 1125(a)]**

(29)     Plaintiff incorporates the previous paragraphs of this Complaint by reference.

(30)     Plaintiff has made substantial, continuous and exclusive use of its mark since 1997, and has built a brand for its trademark in connection with online retail store and catalog services for medical, first-aid, pharmaceutical and related goods.

(31)     Under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), Plaintiff's investment in its brand and the public's right to protection against confusion, mistake and deception are entitled to enforcement, with or without a United States trademark registration, and Defendant's unlawful conduct constitutes an immediate threat to Plaintiff's reputation and the goodwill resulting from 26 years of continuous, substantial and exclusive use.

(32)     Defendant's use of Plaintiff's mark for services identical to those for which Plaintiff uses its mark have caused, and are likely to continue to cause confusion, mistake and deception of consumers as to the origin, sponsorship or affiliation of the parties' services.

(33)     Consumers encountering services bearing Defendant's infringing mark in the marketplace are, have believed, falsely, and are likely to continue to believe, falsely, that those products are those of Plaintiff, or are sponsored, endorsed or approved by Plaintiff, or that there is an affiliation or relationship between the parties.

(34)     Defendant, by its actions, has used, and is using a trademark and marketing its directly competing services in a manner that has caused, and is likely to continue to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association with another person, or as to the origin, sponsorship, or approval of goods, services, or commercial activities by another person, in violation of the prohibition against false designation of origin, false representation and unfair competition, set forth in Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

(35)    Defendant's use of its infringing mark constitutes false designation of origin, false representation and federal unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

(36)    Defendant's acts of false designation of origin, unless restrained, will continue to cause great and irreparable harm to Plaintiff, and the consuming public, and to the significant goodwill represented by Plaintiff's mark, in an amount that cannot be ascertained at this time, leaving Plaintiff with no adequate remedy at law.

(37)    By reason of the foregoing, Plaintiff is entitled to injunctive relief against Defendant, restraining it from further acts of false designation of origin, and to the recovery of Defendant's profits, actual damages, enhanced damages (including trebling), costs and reasonable attorney fees pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. §1117(a).

WHEREFORE, Plaintiff demands judgment against Defendant, as set forth in the Prayer for Relief below, including preliminary and permanent injunctive relief, treble damages, costs and attorney fees, pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. §1117(a), as set forth in the Prayer for Relief below.

**Count III**
**Violation of the Illinois Uniform Deceptive Trade Practices Act**
**[815 ILCS §510 *et seq.*]**

Plaintiff incorporates the previous paragraphs of this Complaint by reference.

(38)    By reason of continuous, extensive and exclusive use of SCHOOL NURSE SUPPLY as a trademark for designating online retail store and catalog services for medical, first-aid, pharmaceutical and related goods, Plaintiff owns the exclusive right to use the trademark on such services.

10

(39)    Defendant has, without Plaintiff's authorization, consent or approval, misappropriated Plaintiff's trademark and is using the infringing mark in connection with the exact same services, in the same or comparable channels of trade, to the same class of purchaser, under circumstances that have resulted and are likely to continue to result in confusion, mistake and deception, leaving consumers to believe, falsely, that Defendant's services are those of Plaintiff, or are sponsored, endorsed or approved by Plaintiff, or that there is an affiliation or relationship between the parties.

(40)    Defendant's use of Plaintiff's trademark for directly competing services and the marketing of these products in a confusing and deceptive manner has caused and are likely to continue to cause confusion and misunderstanding in Illinois as to the source, sponsorship, approval or certification of services advertised and performed in this State.

(41)    Defendant's deceptive acts and practices have injured and continue to injure Plaintiff and the public in the form of ongoing confusion, mistake and deception.

(42)    Defendant's unlawful conduct is injurious to Plaintiff and offensive to the public, unethical, oppressive and unscrupulous, affecting trade and commerce now and in the future in the State of Illinois and elsewhere, and there is a direct causal link between Defendant's deceptive conduct and the resulting injury to Plaintiff.

(43)    Defendant's deceptive trade practices in the manner described above have occurred within the States of Illinois, where both parties are doing business, Defendant is engaged in the marketing of services to customers in Illinois as illustrated in the images in Paragraph nos. 14 and 15 above, and Plaintiff has suffered damage in Illinois.

(44)    Defendant's unauthorized use of Plaintiff's trademark constitutes deceptive trade practices under 18 ILCS § 510/1, *et seq.,* because Defendant is (a) passing off services

11

as those of another in Illinois, (b) causing likelihood of confusion, mistake and deception as to the source, sponsorship, approval, or certification of its services in Illinois, (c) causing likelihood of confusion, mistake and deception as to affiliation, connection or association with or certification by another in Illinois, (d) representing in Illinois that its services have sponsorship, approval, characteristics, benefits, or quantities that they do not have or that Defendant has a sponsorship, approval, status, affiliation, or connection that it does not have, and/or (e) otherwise engaging in conduct which creates a likelihood of confusion or misunderstanding in Illinois.

(45)    By its acts aforesaid, Defendant has violated, and is violating, the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §510/1, causing direct and immediate damage to Plaintiff and the public.

WHEREFORE, Plaintiff demands judgment against Defendant, as set forth in the Prayer for Relief below, including preliminary and permanent injunctive relief, Plaintiff's actual damages, together with the costs of suit and reasonable attorney fees.

## Count IV
## Common Law Unfair Competition

(46)    Plaintiff incorporates the previous paragraphs of this Complaint by reference.

(47)    Defendant's unauthorized use of Plaintiff's mark in Illinois and the solicitation of customers in Illinois in competition with Plaintiff deprive Plaintiff of sales of merchandise and other prospects in this State.  In addition, Defendant's actions have caused and are likely to continue to cause confusion, to cause mistake, or to deceive the public in Illinois as to the affiliation, connection or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's products or commercial activities by Plaintiff.

12

(48) Defendant's conduct constitutes unfair competition in violation of Illinois common law.

(49) Defendant's unfair competition occurred, and is occurring, substantially within the State of Illinois, as (1) the parties are both doing business in Illinois, (b) Defendant's deception illustrated in Paragraph numbers 14 and 15 above is targeted at customers in Illinois, and Plaintiff is being damaged in Illinois.

(50) Defendant's acts of unfair competition have been undertaken willfully and deliberately, and are continuing in bad faith.

(51) Defendant's willful and deliberate acts described above are causing irreparable injury to Plaintiff's goodwill and reputation in Illinois and, unless enjoined, will cause further irreparable injury to Plaintiff in this State, leaving Plaintiff with no adequate remedy at law.

WHEREFORE, Plaintiff demands judgment against Defendant, including preliminary and permanent injunctive relief and damages, as set forth in the Prayer for Relief below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

(1) Judgment against Defendant on Plaintiff's claims for trademark infringement, false designation of origin and federal unfair competition under Sections 32(1) and 43(a) of the Federal Trademark Act, 15 U.S.C. §§ 1114(1) and 1125(a), violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510 *et seq.*, and common law unfair competition.

(2) A preliminary and permanent injunction prohibiting Defendant and its representatives, officers, directors, agents, servants, employees, attorneys, successors,

assigns and any and all persons in active concert with them from infringing Plaintiff's federally registered trademark, engaging in false designation of origin and federal unfair competition under Sections 32(1) and 43(a) of the Federal Trademark Act, 15 U.S.C. §§ 1114(1) and 1125(a), violating the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510 *et seq.*, and further engaging in common law unfair competition.

(3)     An award of damages suffered by Plaintiff, including revenues and profits earned by Defendant as a result of Defendant's trademark infringement, unfair competition and violation of Illinois law, in an amount to be proven at trial.

(4)     Treble damages, costs and attorney fees as provided Section 35 of the Lanham Act, 15 U.S.C. §1117(a).

(5)     Costs and attorney fees as provided by 765 ILCS §1036/70 and 815 ILCS §510/2.

(6)     Such other and further relief as this Court deems just and  proper under the circumstances.

Respectfully submitted,

**SCHOOL NURSE SUPPLY, Inc.**

By:

/s/*Jeffrey J. Catalano*
Jeffrey J. Catalano
Email: jcatalano@sgrlaw.com
Andrew Goldstein
agoldstein@sgrlaw.com
**SMITH, GAMBRELL & RUSSELL LLP**
311 South Wacker Drive, Suite 3000
Chicago, IL 60606
Tel.    (312) 360-6832

John P. Pennington (p*ro hac vice* to be filed)
 jpennington@sgrlaw.com
**SMITH, GAMBRELL & RUSSELL LLP**
1055 Thomas Jefferson St., N.W., Suite 400

14

Washington, D.C. 20007
Tel.   (202) 263-4300